IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARCHITECTURAL & ORNAMENTAL IRON )
WORKERS LOCAL UNION NO. 63, )
 )
 Plaintiff, )
 ) No. 06 C 862
 v. )
 )
INTERNATIONAL UNION OF ELEVATOR )
CONSTRUCTORS, LOCAL UNION 2, and )
KONE, INC., )
 )
 Defendants. )

## MEMORANDUM OPINION AND ORDER

This is an action brought under Section 301 of the Labor-Management Relations Act, 29 U.S.C.A. § 185 (2006) by plaintiff Architectural and Ornamental Iron Workers Local Union No. 63 ("Local 63") against defendants International Union of Elevator Constructors, Local Union 2 ("Local 2") and Kone, Inc. ("Kone"), to enforce an arbitration award issued to resolve a dispute between the two unions. Both Local 63 and Local 2 have filed motions for summary judgment.[1] For the reasons stated below, I deny both motions.

I.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter

---

[1] Kone filed an answer to Local 63's complaint but has not filed a motion for summary judgment or responded to either union's motions for summary judgment.

of law. *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999); FED. R. CIV. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

II.

The basic facts relevant to the parties' motions are not in dispute. Both Local 63 and Local 2 are labor organizations and affiliated members of the Chicago and Cook County Building and Construction Trades Council (the "Chicago Council"). The Chicago Council has in place an agreement with the Construction Employers' Association (the "Standard Agreement"). Article II of the Standard Agreement provides that the parties agree to "submit to arbitration all jurisdictional disputes that may arise between them and any misunderstanding as to the meaning or intent of . . . this Agreement . . . and that the decision of the arbitrator shall be final and binding on the parties hereto." Jurisdictional disputes are disputes about whether certain work "belongs" to a particular union and therefore should be assigned to that union. Articles V and VI of the Standard Agreement create a "Joint Conference Board" ("JCB") that is responsible for administering the Standard Agreement and for "the adjustment of jurisdictional disputes by arbitrators selected by the [JCB]." Article VI further provides that an arbitrator's decision "shall only be for the specific job

2

under consideration and shall become effective immediately and complied with by all parties." In addition, Article VI states:

> Such decisions of the Arbitrator shall be final and binding subject only to an appeal, if such an appeal is available under conditions determined by the Building and Construction Trades Department of the American Federation of Labor and Congress of Industrial Organizations under the National Plan or any successor plan for the settlement of jurisdictional disputes.

Article VII of the Standard Agreement sets forth terms relating to "interested parties" who may be present at an arbitration, stating that "[a]ll interested parties present at the hearing, whether making a presentation or not, by such presence shall be deemed to accept the jurisdiction of the arbitrator and to agree to be bound by its decision and further agrees to be bound by the Standard Agreement, for that case only if not otherwise so bound." Finally, Article VIII also provides that "any party . . . may at any time file a verified complaint in writing with the [JCB] alleging a violation of a decision or award previously made" and sets forth procedures for the JCB to follow to determine whether there has been a violation of its previous decision.

In October of 2005, Local 63 and Local 2 became embroiled in a jurisdictional dispute concerning the assignment of certain iron work at the McCormick Place West project in Chicago, Illinois ("the McCormick Place work"); each union believed this work belonged to it. Kone was the contractor assigning the McCormick Place work at

3

the jobsite. Pursuant to the Standard Agreement, Local 63 notified the Chicago Council of the jurisdictional dispute with Local 2, and asked the JCB to settle the dispute. An arbitrator selected by the JCB held a hearing on October 11, 2005 to resolve the jurisdictional dispute. Local 63 and Local 2 participated in the hearing. The arbitrator issued a written opinion on October 13, 2005.

According to the arbitrator's written opinion, the arbitration involved a jurisdictional dispute between Local 63 and Local 2. The parties were in attendance, and "also in attendance" were a representative of the Chicago Council, a representative for Kone, and a representative for the general contractor of the McCormick Place West project. The "Statement of the Issue" as set forth by the arbitrator was:

> Is the unloading, distributing, hoisting and erection of elevator bucks, facia plates, dust covers, sills and sub-iron located at the McCormick Place West project in Chicago, Illinois the jurisdictional work of the Iron Workers or the Elevator Constructors?

The arbitrator noted that the two parties contested the applicability of a 1931 intra-union agreement between the Iron Workers and Elevator Constructors International unions that provided that "[a]ll elevator doors or gates manually operated, including all elevator enclosures, front, facias, sills, frames and bucks, shall be the work of the Iron Workers." The arbitrator noted that Local 2 stated they had no knowledge of this agreement,

4

but found the agreement was still binding on the two unions. The arbitrator also stated that the JCB had taken up "this very issue" numerous times between 1993 and 1999, and the JCB had repeatedly found this work to belong to the Iron Workers. Finally, the arbitrator stated that Local 2 contended that it had performed this work on many job sites in Chicago over the past 10 years. He concluded:

> In essence, the Elevator Constructors are asking this Arbitrator to reward them with this jurisdiction work when that work never belonged to them in the first place – even though they chose to ignore the rulings and subsequent monetary fines imposed by the [JCB] and continue performing work that rightly belonged to the Iron Workers. I can only compare the logic of this argument with that of a defendant asking for mercy for killing his parents on the ground that he is an orphan.

The arbitrator therefore held that the McCormick Place work was the jurisdictional work of Local 63. Local 2 and Kone never appealed the arbitrator's decision, and no party filed suit to vacate the award within 90 days of the award. Local 63 has admitted that Local 2 is not currently engaged in a work stoppage. At oral argument before this court on October 11, 2006, Local 63's counsel admitted that Local 2 was not currently engaged in conduct in violation of the arbitrator's decision, but expressed concern that Local 2 had threatened to frustrate Local 63's efforts to perform the McCormick Place work.

5

On February 15, 2006, Local 63 filed a complaint before this court alleging that Kone had refused to reassign the McCormick Place work to Local 63, and that Local 2 had refused to relinquish the assignment of work.[2] Local 63 alleged both Kone and Local 2 are in violation of the Standard Agreement, and requested compensatory damages for breach of contract, an award of attorneys' fees and costs, and an injunction against Local 2 to prevent Local 2 from performing the work in question.[3] The parties' cross-motions for summary judgment followed.

---

[2]Despite what was alleged in Local 63's complaint, the parties now agree that Kone subsequently assigned the McCormick Place work to Local 63.

[3]In its memorandum in support of its motion for summary judgment, Local 63 requests that Local 2 be

> [O]rdered to abide by the Arbitration Award, that it refrain from performing the Elevator Iron Work at the McCormick Place West project, and that it be ordered to refrain from attempting to gain the work assignment from [Kone]. Kone is complying with the Arbitration Award and should be ordered to continue complying with the Award without unlawful interference from [Local 2].

Local 63 has presented no specific statement of material facts explaining how Local 2 is not in compliance with the arbitrator's decision. Local 63 does allege, and has attached exhibits purporting to show, that Local 2 has "improperly walked off the job to regain the assignment" and "continues to claim the work in question." These exhibits, however, are letters from representatives of Kone and Local 63 describing purported conduct by Local 2 in violation of the arbitrator's decision, and are inadmissible hearsay.

III.

I have the authority to enforce an arbitration award under § 301(a) of the Labor-Management Relations Act. *See Teamsters Local No. 579 v. B & M Transit, Inc.*, 882 F.2d 274, 276 (7th Cir. 1989). Section 301(a) allows labor organizations to bring suits for violation of their contracts with one another or with business entities. *See* 29 U.S.C.A. § 185(a). Local 63 contends that Local 2 and Kone have violated the Standard Agreement by not complying with the arbitrator's decision about the McCormick Place work. Therefore, the questions before me are (1) whether I have jurisdiction to hear Local 63's claims; (2) what the arbitrator's decision requires of Local 2 and Kone; and (3) what remedies Local 63 may seek for any violation.

A.  Jurisdiction over Local 63's Claim

I first address Local 2's argument that I have no jurisdiction to hear Local 63's claims because Local 63 has not exhausted its administrative remedies under the Standard Agreement. Local 2 cites the Supreme Court's decision in *Vaca v. Sipes*, 386 U.S. 171 (1967) in which the Court held that, where a collective bargaining agreement provides "exclusive remedial procedures," a court may not hear a dispute concerning the violation of a collective bargaining agreement unless the party bringing the suit has "at least attempt[ed] to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." *Id.* at 184–

85. Local 2 contends that the Standard Agreement provides an exclusive remedial procedure for Local 63 to follow if it believes that Local 2 is not complying with the arbitrator's decision, and that Local 63's suit is barred because it did not comply with that procedure. Local 2 points to Article VIII, which provides, in Paragraph 7, that

> To further implement the decision of the Joint Conference Board, it is agreed that any party hereto, any of their members or affiliates, and any employer may at any time file a verified complaint in writing with the Joint Conference Board alleging a violation of a decision or award previously made. The Board shall thereupon set a hearing, to be held within three days of receipt of the Complaint with respect to the alleged violation, and shall notify all interested parties of the time and place thereof. . . . All parties shall be given an opportunity to testify and to present documentary evidence relating to the subject matter of the hearing within [sic] forty-eight hours after the conclusion thereof, the Board shall render a written decision in the mater [sic] and shall state whether or not there has been a violation of its prior decision or award.

In response, Local 63 contends that Article VIII provides an optional, but not exclusive, remedy for violations of an arbitrator's decision. It focuses on the language that a party to the Standard Agreement "*may* at any time file a verified complaint" (emphasis added). Nowhere in the Standard Agreement is there explicit language stating that Article VIII is the "exclusive" remedy for violations of an arbitrator's decision or that a party is specifically prohibited from filing a breach of contract claim

8

in federal court without first taking advantage of the procedures in Article VIII.

The interpretation of a contract is a question of law. *In re United Airlines, Inc.*, 453 F.3d 463, 468 (7th Cir. 2006). Here, from a reading of the plain language of Article VIII, I agree with Local 63 that the Standard Agreement merely states that a party "may" file a complaint with the JCB to enforce an arbitrator's decision, and this is not an "exclusive remedy" that a party must exhaust under *Vaca* in order to bring a breach of contract claim in federal court. *See Vaca*, 386 U.S. at 184 n.9 ("If a grievance and arbitration procedure is included in the contract, but the parties do not intend it to be an exclusive remedy, then a suit for breach of contract will normally be heard even though such procedures have not been exhausted.") (internal citation omitted). I conclude that I have jurisdiction to hear Local 63's claims.

B.  Requirements of the Arbitrator's Decision

The next question I must address is what, if anything, the arbitrator's decision required of Kone and Local 2. I find that the arbitrator's decision, coupled with the compliance provision of the Standard Agreement, requires Kone and Local 2 to comply with the determination that the McCormick Place work was in the jurisdiction of Local 63.

In an action to enforce an arbitration decision under § 301(a), I should not interpret an ambiguous arbitration decision.

See *Teamsters Local No. 579*, 882 F.2d at 278 (citing *United Steelworkers v. Danly Mach. Corp.*, 852 F.2d 1024, 1027 (7th Cir. 1988)). Instead, I should send an unclear award back to the arbitrator for clarification, though I should avoid remanding a decision to an arbitrator in order to respect the interests of prompt and final arbitration. *Id.; see also Ethyl Corp. v. United Steelworkers*, 768 F.2d 180, 188 (7th Cir. 1985).

Local 2 contends that the arbitrator's decision, on its face, does not require Local 2 to do anything. On its face, the arbitrator's decision only states that the McCormick Place work is in the jurisdiction of Local 63; it does not require Local 2 to give up the work or to refrain from interfering with Local 63's takeover of the work. Local 63 responds with an affidavit from Dan Day, the secretary of the JCB. Day's affidavit provides that arbitration awards under the Standard Agreement "do not order specific and concrete action from the losing party or the employer. The Arbitrator's decision awards or assigns the work on the jobsite to the prevailing union. Compliance is then required of all parties who are bound by the Standard Agreement." Local 63 argues that the provision of the Standard Agreement stating that an arbitrator's decision "shall be immediately complied with" by parties bound by the Standard Agreement, binds Local 2 to comply with the arbitrator's jurisdictional award.

I agree with Local 63. Under 29 U.S.C.A. § 185(a), Local 63 may bring a suit for breach of contract, not only for a failure to comply with an arbitrator's decision, but for failure to comply with the Standard Agreement itself. The Standard Agreement requires Local 2 to "immediately compl[y] with" the arbitrator's decision awarding jurisdiction of the McCormick Place work to Local 63. One principle of contract interpretation is that "[a] contract will not be interpreted literally if doing so would produce absurd results, in the sense of results that the parties, presumed to be rational persons pursuing rational ends, are very unlikely to have agreed to seek." *United States v. Barnett*, 415 F.3d 690, 692 (7th Cir. 2005) (citing *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 860 (7th Cir. 2002); *Nelson v. Schellpfeffer*, 656 N.W.2d 740, 743 (S.D. 2003); *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 96 (3d Cir. 2001)). Here, it would be an absurd result for the Standard Agreement's compliance provision to leave without teeth an arbitrator's decision awarding work to a particular union. Under the Standard Agreement, it would be absurd to conclude that a party could "immediately compl[y] with" an arbitrator's decision while threatening to carry out or carrying out a work-stoppage, as long as the party did not specifically state an intention not to comply with the arbitrator's decision. This is the interpretation of the Standard Agreement that Local 2 urges me to endorse. The only rational interpretation of

"compliance" is taking action, or refraining from taking action, in keeping with the arbitrator's decision that certain work belongs to a particular party.[4]

While the arbitrator's decision itself only awards the McCormick Place work to Local 63, the Standard Agreement's compliance provision requires Local 2 to comply with that award. Local 63 has a valid breach of contract claim against Local 2 for breaching the Standard Agreement's compliance provision by failing to comply with the arbitrator's decision.[5]

C. Relief for Violation of the Arbitrator's Decision

The only remaining question is what relief I may grant Local 63 in this case. Local 63 has requested fees, costs, damages for breach of contract, and an injunction ordering Kone and Local 2 to comply with the Standard Agreement and the arbitrator's decision

---

[4]Local 2's other argument is moot. Local 2 contends that nothing in the Standard Agreement or the arbitrator's decision could require Kone to assign work away from Local 2 to Local 63, and that under the terms of the agreement between Kone and Local 2, Kone could not order Local 2 to assign work from Kone to Local 63. At oral argument, however, the parties agreed that Kone has now assigned the McCormick Place work to Local 63. In addition, Kone has not filed a response to Local 63's motion for summary judgment so any opposition Kone might have to Local 63's arguments is waived.

[5]The Standard Agreement only contains a mandatory arbitration provision for jurisdictional disputes; this provision does not require Local 63 to arbitrate the compliance provision. As discussed above, disputes about whether a party has complied with an arbitration award are subject only to a permissive arbitration clause. Therefore, Local 63 need not exhaust any administrative remedies concerning Local 2 or Kone's compliance before bringing a suit under 29 U.S.C.A § 185(a).

12

about the McCormick Place Work. Taking the facts in the light most favorable to Local 2, Local 63 is not entitled to this relief, so I cannot grant Local 63's motion for summary judgment.

First, as discussed above, Local 63 has presented no admissible evidence that Local 2 or Kone are in violation of the Standard Agreement. Local 63 admitted that Local 2 is not currently engaged in a work stoppage related to the McCormick Place work, and that Kone has assigned the work in question to Local 63. At oral argument, Local 63 contended that there is still a threat that Local 2 may violate the arbitrator's decision in the future, particularly if this case is dismissed, but it does not even articulate a threat from Kone that it will not comply.[6] Given this factual showing, Local 63 has not shown that it is entitled to damages; it has not shown that Local 2 or Kone have actually breached their agreements with Local 63.

Local 63 nevertheless contends that it is still entitled to injunctive relief ordering the parties to comply with the Standard Agreement and with the arbitrator's decision. The purported action by Local 2 that has Local 63 concerned is Local 2's purported threat that it will walk off the McCormick Place project or

---

[6]As discussed above, because Kone has not responded to Local 63's motion for summary judgment, Kone has waived any arguments that it should be dismissed from the case at this stage of the litigation.

13

otherwise pressure Kone to give the work back to Local 2. This is the action that Local 63 asks me to permanently enjoin.

Under the Norris-LaGuardia Act, 29 U.S.C.A. § 104(a), federal courts lack the jurisdiction to issue injunctive relief "in any case involving or growing out of any labor dispute" to prohibit persons involved in such dispute from, among other things, "ceasing or refusing to perform any work." 29 U.S.C.A. § 104(a)(1). In *Boys Markets, Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235 (1970), the Supreme Court clarified that, despite the Norris-LaGuardia Act, federal courts may grant injunctions in order to force a party to arbitrate a dispute; a court may issue an injunction preventing a party from striking, for instance, until a dispute has been resolved through a collective bargaining agreement's required dispute resolution process. *Id.* at 254. In addition, the Supreme Court has clarified that where an arbitrator finds certain activity to violate a contract between two labor organizations, even activity for which §104(a) bars injunctive relief, a court may issue an injunction to enforce the arbitrator's decision. *See Buffalo Forge Co. v. United Steelworkers*, 428 U.S. 397, 405 (1976) (citing *United Steelworkers v. Enter. Wheel and Car Corp.*, 363 U.S. 593 (1960)).

Here, as discussed above, the arbitrator found that the McCormick Place work was within the jurisdiction of Local 63, not Local 2. I have the authority to issue an injunction ordering the

14

parties to give Local 63 jurisdiction over the work. I do not have the authority, however, to grant an injunction preventing Local 2 from striking or otherwise retaliating against Local 63 or Kone for complying with the arbitrator's decision. The arbitrator's award did not contain an order for Local 2 to refrain from this type of behavior, even though Local 2 is prohibited from such actions under the compliance provision of the Standard Agreement. I may award Local 63 damages for such a breach, but under the Norris-LaGuardia Act I have no authority to issue an injunction. 29 U.S.C.A. § 104(a).

Given the absence of a factual showing by Local 63, I cannot grant Local 63's motion for summary judgment. However, this does not mean that I must grant Local 2's cross-motion for summary judgment. Local 2's motion does not address Local 63's lack of showing of harm or damages as a basis for granting summary judgment. It has not put this showing at issue, instead only arguing that Local 63 has failed to exhaust its administrative remedies, and that the arbitrator's decision does not require Local 2 to take any action. Because Local 2 did not raise any arguments about Local 63's failure to make the necessary factual showing for damages or injunctive relief, I cannot grant summary judgment on this basis. *See, e.g., Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 979 (7th Cir. 1996). This is an issue for trial. In addition, because Kone has not filed a response to Local 63's

15

motion for summary judgment, it would be inappropriate to dismiss Local 63's claims against Kone.

IV.

For the reasons discussed above, both Local 63 and Local 2's motions for summary judgment are denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 2, 2006